UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR L. LOCKETT,

    Plaintiff,

                                Case No. 08-14770

v.

                                Hon. Denise Page Hood

DEUTSCHE BANK NATIONAL
COMPANY AND TRUSTEE, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (#7)

This matter is before the Court on Plaintiff Arthur L. Lockett's Motion for Relief from Judgment filed July 13, 2023. On January 22, 2009, more than 14 years ago, the Court entered a Judgment and Order summarily dismissing Lockett's Complaint. (ECF Nos. 5, 6) No appeal was taken challenging the dismissal.

Lockett's current 94-page Motion for Relief from Judgment or Order under Rule 60(d)(3) of the Rules of Civil Procedure is based on Fraud Upon the Court, Independent Action. It appears Lockett is seeking relief including setting aside a "fraudulently obtained conviction" in a criminal trial before the St. Clair County trial court. Lockett also references a Landlord-Tenant case before a State district court and a chapter 7 United

States Bankruptcy Court proceedings. Plaintiff's fraud on the court argument appears to be that various witnesses, officers, attorneys and judges in the various proceedings noted above perpetrated fraud upon the court in those proceedings. Rule 60(b) of the Federal Rules of Civil Procedures provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). Motions based on Rule 60(b)(1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in

subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.* Rule 60(d)(3) provides that the court has the authority to entertain an independent action to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3).

Courts have held that a "fraud upon the court" claim is not constrained by the one-year time limit. The elements of fraud upon the court consists of conduct: 1) on the part of an officer of the court; 2) that is directed to the "judicial machinery" itself; 3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or is concealment when one is under a duty to disclose; and, 5) that deceives the court. *Maloof v. Level Propane, Inc.*, 429 F. App'x 462, 467 (6th Cir. 2011) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1994))*.* Relief pursuant to the independent action is available only in cases "of unusual and exceptional circumstances." *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973); *Hobbs v. Faulkner*, No. 1:17CV441, 2020 WL 772328, at *4 (S.D. Ohio Feb. 18, 2020).

An allegation of perjury of a witness, does not suffice to constitute "fraud upon the court." *H.K. Porter Co., v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir.1976). Rather, "an officer of the court" must commit fraudulent conduct for a fraud on the court claim to be legally cognizable. *Preferred Properties, Inc. v. Indian River Ests., Inc.*, 214 F. App'x 538, 540 (6th Cir. 2007). "Fraud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Demjanjuk*, 10 F.3d at 352; see also *LaVenture v. Haeberlin*, No. 5:04CV-P215-R., 2009 WL 2762267, at *1 (W.D. Ky. Aug. 27, 2009). "Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially." *Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007); *Elliott v. Chairman of United States Merit Sys. Prot. Bd.*, No. 2:17-CV-47, 2017 WL 6102809, at *3 (E.D. Tenn. Dec. 6, 2017). "Since attorneys are officers of the court, their conduct, if dishonest, would

constituted fraud upon the court." See *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976).

Because the Court summarily dismissed Lockett's Complaint, none of the Defendants named by Lockett appeared before the Court. These Defendants did not commit any type of fraud before this Court in this case since they did not submit any documents, affidavits nor presented any testimony before this Court. Inasmuch as Locket is claiming fraud upon the Court by the Defendants in this case as to their actions in this case, such a claim must be dismissed and any relief denied. None of the Defendants presented anything before this Court and so could not have committed any type of fraud upon this Court as to the instant case.

In appears that Lockett is attempting to resurrect his claims in the Complaint the Court dismissed in 2009 by claiming fraud upon the court based on the proceedings before a criminal state court matter, a Landlord-Tenant state court case, and a bankruptcy action. However, as set forth above, fraud upon the court, to be an independent claim, must be directed to the judicial machinery itself and any alleged perjury of a witness is not ground for fraud upon the court. Any alleged perjured testimony by any witness in any of the proceedings noted by Lockett cannot form a basis

5

for an independent fraud upon the court claim.

Regarding any statements or actions by any of the lawyers or judges in any of the cases cited by Lockett, even as officers of the court, Lockett has not shown that they have committed fraud, and if he has so alleged, Lockett has not sufficiently plausibly pled the fraud resulted in the deception of the court. Lockett's 94-page Motion for Relief from Judgment contain vague and conlcusory allegations unsupported by material facts and the allegations are too muddled to serve as a basis for a proper suit. See *Becker v. Ohio State Legal Servs. Ass'n*, 19 Fed. App'x 321, 322 (6th Cir. 2001) (affirming the district court's dismissal of a pro se complaint because it contained "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. U.S. Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (affirming the district court's dismissal of a pro se complaint because its allegations were "far too muddled to serve as a basis for a proper suit"); *Elliott v. Chairman of United States Merit Sys. Prot. Bd.*, No. 2:17-CV-47, 2017 WL 6102809, at *3 (E.D. Tenn. Dec. 6, 2017).

In addition, if Lockett is seeking to overturn his state court criminal conviction, he must do so by following the appropriate state court appeal

procedures and thereafter filing a timely habeas petition under 28 U.S.C. § 2254.  As to the Landlord-Tenant and bankruptcy actions, Lockett could have sought timely appeals of those actions.  There is no indication Lockett followed any of the appellate procedures in the underlying actions.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment **(ECF No. 7)** is DENIED.

                                                        s/Denise Page Hood  
                                                        DENISE PAGE HOOD  
                                                        United States District Judge

DATED:   January 31, 2024